RECEIVED
2006 FEB 21 A 9:38

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

**FREDRICK LYNN**            *
   Petitioner            *
                       *
   VS.            *  Civil Action Number:
                       *  2:06 CV 150-WHA
**Kenny Jones, Warden**       *
**Attorney General for the**  *
**State of Alabama**          *
   Respondent            *

## MOTION TO SECURE JURISDICITION

Come now the above styled petitioner " Fredrick Lynn" and files this his "Motion to Secure Jurisdiction" pursuant to "Article III of the United States Constitution" and the "Legislature Acts of Congress" pursuant to "Title 28 USC 2241" and in support of same this Petitioner will show unto this Honorable Court the following to wit

1. **JURISDICTION**

   The Petitioner "Fredrick Lynn" contends that jurisdiction is vested in this Honorable Court by

   "Article III of the United States Constitution" and "Title 28 USC 2241"

2. **PROCEDURAL HISTORY**

   The Petitioner " Fredrick Lynn" was formally indicted by the Barbour County Grand Jury in it's spring 1983 session for the offense of "Capital Murder" in violation of Title 13A-5-31(a) (4)" "Code of Alabama (1975)"

   Then on May 26 1983 a Barbour County Petit Jury returned a verdict finding the Petitioner guilty of the offense of Capital Murder as charged in the indictment.

1

And on <u>May 31 1983</u> the Trial Court conducted a formal Sentencing Hearing and Sentenced the Petitioner to <u>Death by Electrocution</u>.

Then on <u>May 31 1983</u> the Petitioner filed timely written Notice of Appeal to the Alabama Court of Criminal Appeals.

And on <u>October 23, 1984</u> the Alabama court of Criminal Appeals affirmed with written opinion the petitioner's conviction and sentence of death.

The Petitioner filed timely application for rehearing to the Alabama Court of Criminal Appeals.

Then <u>February 12, 1985</u> the Alabama Court of Criminal Appeals overruled the Petitioner's Application for Rehearing.

The Petitioner filed timely petition for writ of certiorari to the Alabama Supreme Court and on <u>July 3, 1985</u> the Alabama Supreme Court reversed and remanded the Petitioner's case for a new trial.

The State of Alabama filed Application for Rehearing in this case, and on <u>August 23, 1985</u> the Alabama Supreme Court denied the Petitioner's request and denied the State of Alabama's Application for Rehearing.

The Petitioner was retried in the Circuit Court of Barbour County Alabama and once again convicted of Capital Murder and sentenced to death, the Petitioner's conviction and sentence of death was once again affirmed by the Alabama Court of Criminal Appeals in <u>Lynn vs. State</u> 543 so 2d 704 (Ala. Crim. App. 1987), and the Alabama Supreme Court in <u>Ex Parte Lynn</u>
543 so 2d 709 (Ala. 1988)

And on <u>March 6 1992</u> the State of Alabama, and the Petitioner formally entered into a joint agreement to reduce the Petitioners <u>Death Sentence</u> for <u>Capital Murder to Life Without the Possibility of Parole.</u>

Then on <u>March 12, 1992</u> the trial Court conducted a formal sentencing hearing and resentenced the Petitioner to "<u>Life Without the Possibility of Parole</u>" Pursuant to the joint agreement entered into by the Petitioner and the State of Alabama.

3. **FEDERAL ISSUE PRESENTED FOR REVIEW**

(A) <u>Whether the Petitioner's conviction and sentence for Capital Murder in violation of Title 13A-5-31 (a) (4)" Code of Alabama (1975)" Violates the Petitioner's due process and equal protection of the law guaranteed by the 14th Amendment of The United States Constitution</u>

4. **ARGUMENT**

The Petitioner "<u>Fredrick Lynn</u>" argues that the present claim presents two (2) distinct arguments before this Honorable Court, (1) <u>Whether this Honorable Court has jurisdiction to consider the Petitioner's Motion to Secure Jurisdiction under "Article III of the United States Constitution and "Title 28 USC 2241"</u> and (2) <u>Whether the Petitioner's conviction and sentence for Capital Murder in violation of "Title 13A-5-31 (a) (4)" Code of Alabama (1975)" Violates the Petitioner's due process and Equal Protection of the law, Guaranteed by the 14th Amendment to the United States Constitution.</u>

The Petitioner argues that federal Courts are Courts of limited jurisdiction deriving their power solely from "<u>Article III of the United States Constitution</u>" and from the "<u>Legislature Acts of Congress</u>" "<u>Title 28 USC 2241</u>" this they cannot derive power to act from the parties action before them, and the Parties are incapable of conferring upon Federal Courts a jurisdiction foundation that they otherwise lack simply by waiver or procedural defaults "<u>USCA Cont. Article 3 Section 1, et seg</u>"

The Petitioner argues further that, since lack of jurisdiction of a Federal Court to change the "<u>Subject Matter</u>" of the Litigation can not be waived by the Parties, this Honorable Court must examine the Petitioner's contention <u>Latin Am. Property & Gas Ins. Co. vs. Hi-Lite Marina Inc. 887.</u>

The Petitioner argues that this Honorable Court is bound to answer and assure itself of jurisdiction even if the parties fail to raised the issue Insurance Corp. of LTD 456 US at 702 as a Court will raise lack of "Subject Matter Jurisdiction" on its motion Fitzgerald 760 F2d at 1251, therefore this Honorable Court not only has the power but also the obligation at any time to inquire that jurisdiction does not exist, arises citing Philbrook vs. Gledgett 421 US 707 95 s ct 1893 44 LED 2d 525 (1975), City of Kenosha vs. Bruno 412 US 507 93 s ct 2222 37 LED 2d 109 (1973).

The petitioner argues further that, since he has established that this Honorable Court has Jurisdiction over the "Subject Matter" the Petitioner will now establish that this Court has the power to correct a grave "Miscarriage of Justice"

The Petitioner "Fredrick Lynn" argues that on March 6, 1992 the Petitioner and the State of Alabama formally entered into a "Joint Agreement" to reduce the Petitioner's "Death Sentence" to "Life Imprisonment Without The possibility of Parole" whereas, the Petitioner argues to never under any circumstances, attack his sentence of "Life Imprisonment Without The Possibility of Parole" and that if the Petitioners conviction for Capital Murder is ever set aside, or if the Petitioner's life imprisonment without the possibility of parole is ever set aside, or reduced, the Death sentence that was originally imposed upon the Petitioner by the Circuit Courts of Barbour County on April 9, 1986 will be reinstated with full force and effect the same as it has never been set aside see Exhibit A, a copy of the original "Joint Motion and Agreement" attached for this Honorable Court inspection.

The Petitioner argues further that, this "Joint Agreement" entered into by the Petitioner and the State of Alabama is unconstitutional and clearly denies the Petitioner his right to access to the Courts guaranteed by the United States Constitution Bounds vs. Smith 52 LED 2d (1979), Lewis vs. Casey 135 LED 2d 606 (1996).

The Petitioner argues further that, this Joint Agreement entered into by the Petitioner and the State of Alabama, is completely overboard and completely denies the Petitioner his Constitutional Right to access to the Courts Ex Parte Curtis M. Magouirk 804 se 2d

308 (Ala. Crim. App. 2000). And clearly denies the Petitioner's his right to access to the Courts in violation of the Petitioner's 14th Amendment Right to the United States Constitution.

5. **ARGUMENT**

The Petitioner "Fredrick Lynn" argues that under Alabama law, a District Court acquires "Subject Matter Jurisdiction" of a charge by and through a "Warrant of Arrest" and its supporting "Affidavit" "Title 15-7-1" Code of Alabama (1975)"

The Petitioner argues further that, in His case, the Barbour County District Court never acquired "Subject Matter Jurisdiction" of this case, because there was no "Warrant of Arrest" in this case, see Exhibit B; a copy of the original Affidavit of the Honorable "David S. Nix" Barbour County Circuit Court Clerk; Attached for this Honorable Court inspection

The Petitioner argues that, taking this allegation as being true on the face of the record, clearly shows that, this error, violates the Petitioner's 14th Amendment Right to the United States Constitution specifically "Due Process of Law" and "Equal Protection of the Law"

The Petitioner argues that, under Alabama Law, a court must have jurisdiction over the person and the subject matter, and the two must concur for the Jurisdiction to stand see Rothchild vs. State 558 so 2d 981 (Ala. Crim. App. (1989).

The Petitioner argues further that, looking to Federal Law, concerning this claim, this Honorable Court must take Jurisdiction and Jurisdiction Notice of the 14th Amendment to the United States Constitution "Due Process of Law" and "Equal Protection of the Law" in arriving at a just and favorable decision on the merits.

The Petitioner argues that, "Title 28 USC 2254" is inappropriate and ineffective at this juncture, to test the legality of the Petitioner's Conviction and Sentence and that this Honorable Court should hold that, the Petitioner's Conviction and Sentence are in

violation of the 14th Amendment to the United State Constitution specifically "Due Process of Law" and "Equal Protection of the Law"

The Petitioner argues that, the pertinent issue before this Honorable Court is whether there is any relief available to the Petitioner under the particular facts presented.

Wherefore Premises Considered Petitioner moves this Honorable Court to obtain Jurisdiction of this cause Pursuant to "Article III of the United States Constitution" and "Title 28 USC 2241".

Done this the _15th_ day of February 2006

Respectfully Submitted

*Fredrick Lynn*
Fredrick Lynn
AIS# 130099
William E. Donaldson Correction Facility
100 Warrior Lane # G-128
Bessemer, Alabama   35023