
DEFENDANT'S EXHIBIT 2

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

FREDERICK LYNN,            )
                           )
        Petitioner,        )
                           )
v.                         )   CC-83-185
                           )
STATE OF ALABAMA,          )
                           )
        Respondent.        )

## JOINT MOTION AND AGREEMENT

The parties jointly move this Court to set aside Petitioner Lynn's death sentence under the conditions specified below, and to impose upon him a sentence of life imprisonment without parole. The parties move the Court to permit this agreement because each party is convinced that this agreement is in its best interest. In return for the State's agreement to having Lynn's sentence reduced from death to life imprisonment without parole, Petitioner Lynn agrees to the following terms and conditions, each of which is an essential part of the parties' agreement:

1) Lynn agrees to never, under any circumstances, attack his conviction for the capital murder of Mrs. Marie Driggers Smith, and to never, under any circumstances, attack his sentence of life imprisonment without parole for that crime.

2) Lynn agrees that if his conviction for the capital murder of Mrs. Smith is ever set aside, or if his life

imprisonment without parole sentence for that crime is ever set aside or reduced, the death sentence that was originally imposed upon Lynn by the Circuit Court of Barbour County on April 9, 1986, will be reinstated with full force and effect the same as if it had never been set aside or reduced. Lynn further agrees to waive and does waive any arguments that he might have that reinstatement of his death sentence under those conditions is unconstitutional, illegal or otherwise improper.

3) Lynn's attorney, Debra Lagapa, has agreed to submit an affidavit attesting to her belief that Lynn understands all of the terms of this agreement and that he is entering into this agreement knowingly, intelligently, and voluntarily, and further that in Ms. Lagapa's considered professional judgment it is in Lynn's best interest to enter into this agreement. That affidavit is being submitted to this Court along with this motion.

All of the conditions of this agreement are to be performed before Lynn's sentence is reduced from death to life imprisonment without parole.

WHEREFORE, the parties move this Court to accept their proposed agreement and to enter an order reducing Petitioner

Lynn's death sentence to a sentence of life imprisonment without parole under the terms and conditions set forth above.

Respectfully submitted,

_____
DEBRA LAGAPA
COUNSEL FOR PETITIONER

_____
KENNETH S. NUNNELLEY
ALABAMA ASSISTANT ATTORNEY
    GENERAL
COUNSEL FOR THE STATE

_____
BEN C. REEVES, JR.
DISTRICT ATTORNEY
THIRD JUDICIAL CIRCUIT

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

| | |
|---|---|
| FREDERICK LYNN, | ) |
| Petitioner, | ) |
| v. | ) CC-83-18 |
| STATE OF ALABAMA, | ) |
| Respondent. | ) |

### ORDER

This case is before this Court following the filing of a Rule 20 petition by Frederick Lynn. The parties have filed a joint motion requesting the Court to resentence Lynn to life imprisonment without parole instead of death, subject to certain terms and conditions that are set out in the parties' joint motion. The Court has considered: the parties' joint motion; the affidavit of attorney Debra Lagapa; and Lynn's answers in open court to questions propounded to him by this Court. The Court is also fully aware of the contents of the trial record. Based upon all of the foregoing, this Court is of the opinion, and finds as a fact, that Lynn fully understands and appreciates the terms and conditions of the parties' agreement, as set out in their joint motion; and that he is voluntarily entering into that agreement because he rationally believes that it is in his best interest.

The Court has decided to grant the parties' joint motion and reduce Lynn's sentence from death to life imprisonment

without parole under all of the terms and conditions stated in the joint motion. All of the terms and conditions of that joint motion are hereby fully incorporated by reference into this order as express conditions for the reduction of Lynn's sentence from death to life imprisonment without parole.

Without denigration of the other terms and conditions of the agreement, this Court wishes to emphasize that if Lynn's capital conviction or his life imprisonment without parole sentence is ever set aside or reduced, under this order the death sentence originally imposed upon Lynn by the Circuit Court of Barbour County on April 9, 1986 will be reinstated with full force and effect the same as if it had never been set aside or reduced. All of the parties, including Lynn personally, understand that condition and fully agree to it. Lynn has knowingly, intelligently, and voluntarily waived any argument he might have that reinstatement of his death sentence under those conditions would be unconstitutional, illegal, or otherwise improper. The Court finds that the State, and this Court itself, would not have participated in the reduction of Lynn's death sentence, without a hearing mtr. except for the guarantee that by reducing his death sentence Lynn's conviction will never be set aside nor will his life imprisonment without parole sentence be reduced or set aside, for any reason.

It is hereby ORDERED, ADJUDGED, AND DECREED that the death sentence imposed upon Frederick Lynn by this Court on April 9, 1986 is hereby reduced to a sentence of life imprisonment

2

without parole, subject to all of the terms and conditions contained in the joint motion and agreement which the parties have filed in this Court, which terms and conditions are fully incorporated into this order as provisions of it.

The defendant having been resentenced according to the joint motion and agreement executed by the parties, it is hereby ORDERED, ADJUDGED, AND DECREED that the remaining issues in the Rule 20 petition are denied, and that petition is dismissed.

Done this the 12th day of March, 1992.

_____
CIRCUIT JUDGE

3

IN THE CIRCUIT COURT
IN AND FOR BARBOUR COUNTY, ALABAMA, EUFAULA DIVISION

| | |
|---|---|
| FREDRICK LYNN,<br>                PETITIONER,<br>vs.<br><br>STATE OF ALABAMA,<br>                RESPONDENT, | CASE NO. CC-83-18 |

## AFFIDAVIT

Comes now Debra L. Lagapa who after being first duly sworn doth depose and state as follows:

"1. I, along with Mary O'Connell and the law firm of Morrison & Foerster, am counsel to Petitioner, Fredrick Lynn, in the above-captioned Rule 20 proceeding challenging Mr. Lynn's unconstitutional conviction and sentence of death.

2. On March 6, 1992, Kenneth S. Nunnelley, Assistant Attorney General for the State of Alabama, contacted my office to offer that Mr. Lynn's sentence of death be reduced to a sentence of life imprisonment without parole, subject to certain conditions set forth in the Agreement attached hereto as Exhibit "A".

3. Mr. Lynn has stated to me that he understands the terms of the attached Agreement and that he is entering into the Agreement knowingly, intelligently and voluntarily. To the best of my knowledge, Mr. Lynn understands the terms of the attached Agreement and is entering into the Agreement knowingly, intelligently and voluntarily.

4. It is my professional judgment that, based on the current state of the law in this area, it is in Mr. Lynn's best interest to enter into this Agreement."

Further affiant sayeth not.

_____
Debra L. Lagapa, Attorney For Petitioner

Sworn to and subscribed before me by Debra L. Lagapa this the 11th day of March, 1992.

_____
Notary Public
My Commission Expires: 1-17-95