IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FREDRICK D. LYNN, #130099, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06-CV-150-WHA |
| | ) | |
| KENNETH L. JONES, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 28 U.S.C. § 2241 petition for habeas corpus relief filed by Fredrick D. Lynn ["Lynn"], a state inmate, on February 15, 2006.[1] In this petition, Lynn challenges a 1986 capital murder conviction entered against him by the Circuit Court of Barbour County, Alabama. The trial court initially sentenced Lynn to death for this conviction. However, on March 6, 1992, Lynn and the State entered into a joint motion and agreement for imposition of a sentence of life imprisonment without the possibility of parole. *See Petitioner's Exhibit A*.

**DISCUSSION**

_____

[1] 1. The Clerk of this court stamped the petition "filed" on February 21, 2006. Lynn asserts that he signed and submitted the petition for mailing on February 15, 2006. A pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Lynn] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). For purposes of this Recommendation, the court therefore construes February 15, 2006 as the date of filing.

Lynn seeks habeas relief under § 2241 from his 1986 capital murder conviction, the conviction on which he is currently incarcerated. "[A]lthough [Lynn's] petition is authorized by § 2241, it is also governed by § 2254 because [Lynn] is 'in custody pursuant to the judgment of a State court.' 28 U.S.C. § 2254(a)." *Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003), *cert. denied*, 541 U.S. 1032, 124 S.Ct. 2098, 158 L.Ed.2d 714 (2004); *Thomas v. Crosby*, 371 F.3d 782, 785 (11th Cir. 2004) (a § 2241 habeas petition filed by a prisoner in custody pursuant to the judgment of a state court is subject to the procedural restrictions contained in § 2254). In coming to this conclusion, the Eleventh Circuit determined that "the writ of habeas corpus is a single post-conviction remedy principally governed by two different statutes. *See* 28 U.S.C. § 2241(a) ('Writs of habeas corpus may be granted····'); 28 U.S.C. § 2254(a) ('[Federal courts] shall entertain an application for a writ of habeas corpus····'). These identical statutory references to 'the writ of habeas corpus' must be read as referring to the same remedy. *See Sorenson v. Sec'y of the Treasury,* 475 U.S. 851, 860 (1986)." *Medberry*, 351 F.3d at 1059. Thus, "if a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition is subject to § 2254." *Id*. at 1062.

Our reading of §§ 2241 and 2254 as governing a single post-conviction remedy, with the § 2254 requirements applying to petitions brought by a state prisoner in custody pursuant to the judgment of a State court, gives meaning to § 2254 without rendering § 2241(c)(3) superfluous. . . . To read §§ 2241 and 2254 other than as we do would effectively render § 2254 meaningless because state prisoners could bypass its requirements by proceeding under § 2241.

If § 2254 were not a restriction on § 2241's authority to grant the writ

of habeas corpus, and were instead a freestanding, alternative post-conviction remedy, then § 2254 would serve no function at all.  It would be a complete dead letter, because no state prisoner would choose to run the gauntlet of § 2254 restrictions when he could avoid those limitations simply by writing "§ 2241" on his petition for federal post-conviction relief.  All of Congress's time and effort in enacting § 2254, amending it in 1966, and further amending it in 1996 with AEDPA would have been a complete waste. Section 2254 would never be used or applied, and all of the thousands of decisions over the past half-century from the Supreme Court and other federal courts interpreting and applying the provisions of § 2254 would have been pointless.  Section 2254 would be a great irrelevancy because a state prisoner could simply opt out of its operation by choosing a different label for his petition.

*Id.* at 1060-1061.

In this § 2241 habeas petition, Lynn attacks the validity of a capital murder conviction imposed upon him by the Circuit Court of Barbour County, Alabama.  He is presently in custody pursuant to this conviction.  "Section § 2254 is triggered where a prisoner is 'in custody pursuant to the judgment of a State court.  [Lynn] is in custody pursuant to the judgment of the [Alabama] court.  Therefore § 2254 applies to [Lynn's] petition [and] . . . [he] cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition."  *Thomas*, 371 F.3d at 787.  In light of the foregoing, this court must apply the procedural restrictions contained in § 2254 to the instant petition.

Title 28 U.S.C. § 2244(b)(3)(A) requires that "[b]efore a second or successive application [for habeas corpus relief] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  "A motion in the court of appeals for an order authorizing the district court to

consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C). A review of this court's records reveals that Lynn filed a previous habeas petition pursuant to the provisions of 28 U.S.C. § 2254 challenging his 1986 capital murder conviction. *Lynn v. Nagle, et al.*, Case Action No. 2:94-CV-843-WHA (M.D. Ala. 1995). In this prior habeas action, this court decided the claims adversely to Lynn on the merits.

The pleadings filed by Lynn demonstrate that he has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. "Because this undertaking [is Lynn's] second habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a second habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, Lynn's petition for habeas corpus relief is due to be summarily dismissed. *Id*. at 934.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The present 28 U.S.C. § 2241 petition for habeas corpus relief filed by Fredrick D.

Lynn be DENIED.

2.  This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as Lynn has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive habeas application.[2]

It is further

ORDERED that on or before March 13, 2006 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

---

[2].  The court notes that any § 2254 or § 2241 habeas petition filed by Lynn challenging his 1986 capital murder conviction is likewise subject to the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1).  Moreover, the court finds that there are no circumstances present in this case which "would entitle [Lynn] in the interest of justice to transfer [pursuant to 28 U.S.C. § 1631] or stay . . . because the limitations period had already expired before he filed" the instant habeas action.  *Guenther v. Holt*, 173 F.3d 1328, 1330-1331 (11th Cir. 1999).

33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 27th day of February, 2006.

_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE